We have for review Shova v. Eller, 606 So.2d 400 (Fla. 2d DCA 1992), in which the Second District Court of Appeal found the 1988 amendment to section 440.11(1), Florida Statutes (1989), which is a part of the Workers' Compensation Law, to be unconstitutional. The amendment raised the degree of negligence necessary to maintain a civil tort action against policymaking employees from gross negligence to culpable negligence. We have jurisdiction pursuant to article V, section 3(b)(1), of the Florida Constitution. For the reasons expressed, we find the amendment to be constitutional and quash the decision of the district court.
The record in this case reflects the following facts. Felicia Shova was murdered during a robbery of a Circle K convenience store where she was employed as a supervisor. After Felicia Shova was murdered, her husband, Randy Shova, individually, and as personal representative of her estate, filed a complaint for damages alleging gross negligence against the following Circle K employees: Karl Eller, chair of Circle K's board of directors; Robert Dearth, Circle K's president; and Richard Yarnell, regional manager *Page 539 
of Circle K's West Central Florida stores. The complaint[1]
alleged negligence against the defendants on the basis that they knew the store was located in a high crime area and had been the subject of numerous robberies, but, despite that knowledge, decided not to equip the store with adequate security equipment and an adequate number of employees. Further, the complaint alleged that that decision was made with the knowledge that such a decision would eventually result in serious bodily injury to other employees. Finally, the complaint alleged that the decision not to add security equipment and additional employees amounted to an infliction, by the defendants, of actual personal injury to Felicia.
The trial judge dismissed the complaint with prejudice, finding that workers' compensation provided the exclusive remedy to Shova's estate because Shova had failed to allege that the defendants had committed an act for which they could be imprisoned for more than sixty days as required under section440.11(1).
On appeal, the Second District found that the 1988 amendment to section 440.11(1) was unconstitutional and violated the access to courts provision contained in article I, section 21, of the Florida Constitution.[2] In reaching that decision, the district court noted that the amendment raised the degree of negligence necessary to maintain a civil tort action against a coemployee in a supervisory/managerial position from gross negligence to culpable negligence. After finding that culpable negligence is criminal negligence equivalent to an intentional act, the district court determined that the 1988 amendment abolished all civil causes of action in negligence against managerial/policymaking-type employees without providing a reasonable alternative. In so ruling, the district court rejected the defendants' argument that the workers' compensation system was a reasonable alternative. Judge Altenbernd dissented on the grounds that the cause of action in this case does not involve a preexisting right of redress and that, even if it did, workers' compensation provides a reasonable alternative to any preexisting right of redress.
Based on the district court's finding that the 1988 amendment to section 440.11(1) was unconstitutional, mandatory jurisdiction vested with this Court.
To properly evaluate the issues in this case, we first set forth the history of immunity under the Workers' Compensation Law (the Act). Under the Act, workers' compensation is the exclusive remedy available to an injured employee as to any negligence on the part of that employee's employer. § 440.11(1). When employers properly secure workers' compensation coverage for their employees, employers are provided with immunity from suit by their employees so long as the employer has not engaged in any intentional act designed to result in or that is substantially certain to result in injury or death to the employee. Fisher v.Shenandoah Gen. Constr. Co., 498 So.2d 882 (Fla. 1986); Lawtonv. Alpine Engineered Prods., Inc., 498 So.2d 879 (Fla. 1986).
The issue of whether the workers' compensation immunity afforded to employers also extends to an injured employee's coemployees was first addressed by this Court in Frantz v. McBeeCo., 77 So.2d 796 (Fla. 1955). In that case, Frantz, an employee of McBee, was allegedly killed during the course of his employment through the negligence of another McBee employee. In ruling on whether the coemployee was liable to Frantz as a coemployee, we noted that, at common law, coemployees owed each other the duty of ordinary care in performing their duties and could be held liable for the failure to exercise ordinary care when such failure resulted in injury to a fellow employee. Additionally, we stated that, in the absence of a legislative mandate to the contrary, fellow employees are to be treated as third parties within the meaning of the Workers' Compensation Law. *Page 540 
Because the Law, at that time, expressly reserved to an injured employee a concurrent remedy against a third party tortfeasor, we held that the immunity afforded employers under the Law did not extend to coemployees.
In 1978, the legislature, through an amendment to section440.11(1), did, in fact, limit the liability of employees who injure fellow employees through acts of simple negligence. Acts of gross negligence, however, remained actionable. The constitutionality of that limitation of liability was subsequently challenged in Iglesia v. Floran, 394 So.2d 994
(Fla. 1981).
In Iglesia, the plaintiff asserted that the limitation of liability as to coemployees violated the standard we set forth inKluger v. White, 281 So.2d 1 (Fla. 1973), and, as such, denied the plaintiff access to courts as provided in article I, section 21, of the Florida Constitution. In Kluger, we held that
 where a right of access to the courts for redress for a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights of the Constitution of the State of Florida, or where such right has become a part of the common law of the State pursuant to Fla. Stat. § 2.01, F.S.A., the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
281 So.2d at 4. In analyzing that standard in Kluger, we stated that a statute that merely changed the degree of negligence necessary to maintain a tort action did not abolish a right to redress for an injury. See McMillan v. Nelson, 149 Fla. 334, 5 So.2d 867
(1942). Similarly, because the limitation of liability contained in the 1978 amendment to section 440.11(1) merely limited the liability of coemployees as to simple negligence and still provided a cause of action for gross negligence, we determined that the limitation merely changed the degree of negligence necessary to sue and did not unconstitutionally abolish a cause of action.
Thereafter, in Streeter v. Sullivan, 509 So.2d 268 (Fla. 1987), we held that the term "coemployee" as used in section440.11(1) included vice-principal-type coemployees. Under our interpretation, corporate officers, executives, and supervisors could be sued as coemployees for acts of gross negligence. We stated in Streeter that we believed section 440.11(1) "to be an unambiguous statement of the legislature's desire to impose liability on all employees who act with gross negligence with respect to their fellow employees, regardless of the grossly negligent employee's corporate status." 509 So.2d at 270.
As a result of our decision in Streeter, in 1988 the legislature again amended section 440.11(1). As amended, section440.11(1) provides as follows:
 The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, that the employee assumed the risk of the employment, or that the injury was due to the comparative negligence of the employee. The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunities shall not *Page 541 
be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death or such acts proximately cause such injury or death, nor shall such immunities be applicable to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment. The same immunity provisions enjoyed by an employer shall also apply to any sole proprietor, partner, corporate officer or director, supervisor, or other person who in the course and scope of his duties acts in a managerial or policymaking capacity and the conduct which caused the alleged injury arose within the course and scope of said managerial or policymaking duties and was not a violation of a law, whether or not a violation was charged, for which the maximum penalty which may be imposed exceeds 60 days imprisonment as set forth in s. 775.082.
The underlined portion of the statute was added by chapter 88-284, section 1, Laws of Florida, and is the subject of this appeal. The amendment provides for heightened immunity to policymaking types of employees by raising the degree of negligence necessary to maintain a civil tort action against such employees from gross negligence to culpable negligence when those employees are engaged in managerial or policymaking decisions.[3]
Appellants contend that the amendment is constitutional, and that, because the alleged negligence was the result of actions taken by the appellants in their policymaking capacity, they are immune from suit. In support of this argument, appellants claim that the amendment is merely a procedural clarification of this Court's decision in Streeter. Moreover, according to appellants, even if the amendment was not enacted merely as a clarifying statute, under the test set forth in Kluger, the amendment does not violate the access to courts provision.
Shova, on the other hand, asserts that the amendment violates the access to courts provision because the amendment abolishes all causes of action for civil negligence without providing an alternative.
The Final Staff Analysis issued by the Commerce Committee of the Florida House of Representatives sets forth the following regarding the 1988 amendment:
 The only exception to the exclusivity doctrine was enacted in 1978. Section 440.11(1), F.S., permits tort suits against fellow-employees who act with willful and wanton disregard, unprovoked physical aggression or gross negligence with respect to another employee. For almost 10 years, the term fellow-employee was not judicially interpreted. In May, 1987, the Florida Supreme Court in the case of Streeter v. Sullivan (509 So.2d 268) ruled that fellow-employee includes corporate officers because the definitional section of the statute includes corporate officers in the term "employee" (s. 440.02(2)(b), F.S.). Therefore, the managerial personnel in the Streeter case were held liable in tort for the commission of a grossly negligent act that resulted in the death of an employee. As a result of this decision, several cases are pending in circuit courts throughout the state in which the Streeter decision is cited as precedent.
 . . . .
 Management personnel will no longer incur costs associated with tort suits for certain acts which they commit in their managerial capacity. This should serve to reduce their liability insurance expenses.
 . . . . *Page 542 
 . . . The [amendment] makes it clear that it is the unlawful conduct of the [managerial type employees] that triggers the exception to the exclusivity doctrine and that the immunity is the same as that which is enjoyed by employers.
Staff of Fla.H.R. Commerce Comm., CS/HB 1288 (1988) Staff Analysis (final May 31, 1988) (emphasis added). As indicated by the staff analysis, the amendment was the direct result of our decision inStreeter. Further, the amendment is consistent with the overall workers' compensation scheme of providing employees with compensation for on-the-job injuries regardless of fault in exchange for providing employers with immunity from suit. Ironically, were we to accept Shova's view, sole proprietors would be afforded immunity under the statute but corporate officers would not. Given the above staff analysis, we find that the amendment was enacted to clarify that all policymakers, regardless of their positions as either employers or coemployees, are treated equally. Consequently, we agree with appellants' contention that the amendment is merely a clarification regarding the immunity afforded managerial employees.
We also fully agree with the well-reasoned dissent of Judge Altenbernd as to an evaluation of the amendment under the test we promulgated in Kluger. As indicated previously, under Kluger,
the legislature may not abolish a pre-1968 common law right[4]
or statutory cause of action unless a reasonable alternative to that action is provided or unless an overpowering public necessity exists for abolishing the right or action. Consequently, under Kluger, we must determine: 1) whether the 1988 amendment to section 440.11(1) abolished a preexisting right of access; 2) if so, whether a reasonable alternative exists to protect that preexisting right of access; and 3) if no reasonable alternative exists, whether an overwhelming public necessity exists to include policymaking and managerial employees within the tort immunities provided to employers.
Under the first prong of the Kluger test, we find that the 1988 amendment did not abolish any preexisting right of access. As we explained in Kluger and Iglesia, raising the degree of negligence required to successfully maintain a tort action does not limit an existing right of access. We disagree with the district court's finding that the amendment abolished all civil causes of action in negligence. Culpable negligence is still a form of negligence and is actionable as a civil action under section 440.11(1) regardless of whether criminal charges have been filed against a coemployee. Because the amendment at issue merely raises the degree of negligence required to sue a policymaking coemployee, we find that the amendment has not abolished a right of access.
Nevertheless, even if the amendment had abolished a right of access, we find that workers' compensation provides a reasonable alternative. Consequently, the amendment survives constitutional evaluation under the second prong of the Kluger test. As stated by Judge Altenbernd:
 Mrs. Shova's estate is not attempting to sue her employer for a failure to secure compensation; she is attempting to sue outside the workers' compensation system for damages. . . .
 . . . .
 . . . I conclude that, so long as the benefits are substantial, workers' compensation benefits are an acceptable, reasonable alternative to most tort remedies that were available to an employee in 1968 against both employers and coemployees.
 In order to properly evaluate whether the alternative remedy provided in chapter 440 is sufficient under Kluger, it is necessary to consider the status of the law in 1968. It is easy to lose sight of the fact that the law was far less generous to plaintiffs *Page 543 
at that time. Contributory negligence and assumption of the risk were still the law in 1968. Those doctrines frequently, if not usually, destroyed negligence claims arising in the workplace. . . .
 If Mrs. Shova's estate had sued in 1968 alleging negligence against her managerial coworkers, she would have faced strong arguments that she had assumed the risks of criminal attack because she had equal or superior knowledge of those risks at her store, and because she had agreed to work the night shift, despite her knowledge of the potential dangers. In exchange for this type of difficult, expensive, and time-consuming lawsuit concerning the safety of her workplace, the workers' compensation statute gives her the ability to quickly recover a significant portion of her damages without regard to fault.
Eller, 606 So.2d at 406, 408 (Altenbernd, J., dissenting) (citations and footnotes omitted). Because we find that the amendment did not abolish a cause of action and that workers' compensation provides a reasonable alternative, we need not reach the third prong of the Kluger test. Consequently, for the reasons expressed, we find the 1988 amendment to section440.11(1) to be constitutional. In making this determination we note the paradoxical position of employees such as Mrs. Shova as articulated by Judge Altenbernd:
 [T]he limitations on redress in the area of workers' compensation frequently inure to the employee's benefit. Mrs. Shova, for example, was allegedly an assistant manager. Ironically, [the district court majority is] holding unconstitutional an immunity which would have protected her from the risk of suit by the people she supervised. Particularly in light of the fact that most businesses operate with several management levels, there is a legitimate value to discouraging avoidable litigation within the workplace between coworkers.
Eller, 606 So.2d at 410 (Altenbernd, J., dissenting). Whether we agree or disagree with the legislature's decision to afford heightened immunity to managerial coemployees, we find that it is well within its province to provide that immunity.
Accordingly, we find that the 1988 amendment to section440.11(1) is constitutional and that it does not violate article I, section 21, of the Florida Constitution. Consequently, we quash the decision of the district court and direct that the trial court's dismissal of this action with prejudice be affirmed.
It is so ordered.
McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
KOGAN, J., concurs in result only with an opinion.
BARKETT, C.J., did not participate in this case.
[1] The facts set forth in this opinion are those contained in the second amended complaint. The trial judge had dismissed two earlier complaints, after which the second amended complaint was filed containing additional allegations.
[2] Article I, section 21, of the Florida Constitution provides in pertinent part: "The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."
[3] Under section 775.082(4)(a) and (b), Florida Statutes (1989), a sentence exceeding 60 days may only be imposed for a first-degree misdemeanor or greater crime. Under section784.05(2), Florida Statutes (1989), a first-degree misdemeanor occurs when a person, through culpable negligence, inflictsactual personal injury on another. Culpable negligence has been defined through case law as "reckless indifference" or "grossly careless disregard" of human life. State v. Greene, 348 So.2d 3
(Fla. 1977). Gross negligence, on the other hand, is defined as an act or omission that a reasonable, prudent person would know is likely to result in injury to another. Glaab v. Caudill, 236 So.2d 180
(Fla. 2d DCA 1970).
[4] Appellants state, in requesting relief, that it is unclear from Kluger as to whether one must look to the common law as it existed on July 4, 1776, pursuant to section 2.01 of the Florida Statutes or whether one must look to the common law as it existed as of November 5, 1968, the date the 1968 Constitution was adopted. We take this opportunity to clarify that, when reviewing article I, section 21, of the Florida Constitution, one must look to the common law as it existed on November 5, 1968. This is because the 1968 provision of section 21 differs significantly from its 1845 counterpart.