PER CURIAM.
Appellant, Rebecca Ann Evans, appeals that portion of the trial court’s order dismissing her complaint against two of the named defendants, appellees Robert J. Jackson and Dave Garner, finding that these defendants are entitled to the same workers’ compensation immunity as the employer, Florida Rock Tank Lines, Inc. We reverse that portion of the trial court’s order dismissing appellees *233 Jackson and Garner.[1]
Appellant’s first amended complaint, as it pertains to appellees Jackson and Garner alleged: (1) decedent Reford Lee Evans, Jackson and Garner were all employees of Florida Rock Tank Lines, Inc.; (2) Dave Garner was the decedent’s supervisor; (3) Robert J. Jackson was president of Florida Rock and Tank Lines, Inc.; (4) decedent was killed on April 7, 1989, in an explosion which occurred while attempting to purge a trailer tanker of flammable material; (5) Jackson designed and constructed a stand or station for purging flammable materials, such as jet fuel, from tank trucks without any facility for grounding the tankers during the purging process; (6) Jackson allowed workers such as decedent to attempt to purge tankers of residue of flammable material without any means of grounding the trailer; (7) Jackson failed to properly supervise fellow employees who were under his control and committed such other acts as may be revealed by discovery; (8) Dave Garner failed to report to his superiors the fact that the purging facility had no grounding devices; (9) Gamer failed to warn decedent of the high risk involved in attempting to purge tankers of the residue of flammable material without the tanker being grounded; (10) Garner failed to adequately inspect the purging facility; (11) Gamer allowed decedent to attempt to purge a tanker of residue of flammable material without any means of grounding the tanker and committed such other acts as may be revealed by discovery; (12) Jackson and Gamer committed acts of culpable negligence; and (18) Jackson and Garner engaged in conduct constituting a violation of law for which the maximum penalty which may be imposed exceeds 60 days imprisonment as set forth in Section 775.082, Florida Statutes, which conduct was a legal cause of the wrongful death of the decedent.
In dismissing the complaint against Jackson and Gamer, the trial court constmed Section 440.11(1), Florida Statutes, which states in pertinent part:
The same immunity provisions enjoyed by an employer shall also apply to any sole proprietor, partner, corporate officer or director, supervisor, or other person who in the course and scope of his duties acts in a managerial or policymaking capacity and the conduct which caused the alleged injury arose within the course and scope of said managerial or policymaking duties and was not a violation of a law, whether or not a violation was charged, for which the maximum penalty which may be imposed exceeds 60 days imprisonment as set forth in s. 775.082.
The trial court found Jackson (corporate officer) and Gamer (supervisor) (a) entitled to the same workers’ compensation immunity as the employer, but that (b) their immunity does not fail if the conduct which caused the injury arose within the scope of their managerial or policymaking duties and the conduct was a violation of the law for which the punishment exceeds 60 days in jail. The trial court erred in the latter ruling.
The Florida Supreme Court has since determined that the cited portion of the statute
provides for heightened immunity to poli-cymaking types of employees by raising the degree of negligence necessary to maintain a civil tort action against such employees from gross negligence to culpable negligence when those employees are engaged in managerial or policymaking decisions.
Eller v. Shova, 630 So.2d 537, 541 (Fla.1993) (footnote omitted). Thus, the trial court erroneously found Jackson and Gamer entitled to workers’ compensation immunity even if their conduct constituted culpable negligence punishable by a term of imprisonment in excess of 60 days. Such an erroneous construction of the statute requires reinstatement of appellant’s complaint against Jackson and Garner. In ruling, the trial court made no determination with respect to the *234 sufficiency of the factual allegations against Jackson and Garner. Therefore, we make no determination with respect to the sufficiency of the factual allegations of appellant’s first amended complaint. Assuming arguendo that appellant’s complaint fails to state a cause of action for culpable negligence, appellant must be given an opportunity to amend the complaint, for on the present state of the record it does not appear that amendment would be a futile gesture.
AFFIRMED in part, REVERSED in part, and REMANDED for further consistent proceedings.
MINER, WEBSTER and MICKLE, JJ., concur.

. The order under review also had the effect of (a) dismissing defendants Holt and Sowell for failure to serve them within 120 days of the filing of the initial pleading; and (b) dismissing defendant Dinnes due to the insufficiency of the factual allegations against her, but granting leave to amend the complaint against Dinnes. No issue is raised on appeal with respect to these three defendants who are therefore not parties to this appeal. The trial court's order is affirmed to the extent that it pertains to these three defendants.