652 So.2d 1233 (1995)
EMERGENCY ONE, INC., a Florida corporation and Marty Dowling, individually, Appellants,
v.
Betty Jane KEFFER and Ben Keffer, Appellees.
No. 94-3222.
District Court of Appeal of Florida, First District.
April 6, 1995.
*1234 William T. Allen, Jr., Dell, Graham, Willcox, Barber, Jopling, Comfort, Schwait & Gershow, P.A., Gainesville, for appellants.
James G. Feiber, Jr., Salter, Feiber & Yenser, Gainesville, for appellees.
JOANOS, Judge.
We review a non-final order denying defendants' motions for summary judgment, which motions raised the issue of workers' compensation immunity. We have jurisdiction to review the Circuit Court's ruling pursuant to rule 9.130(a)(3)(C)(vi) of the Florida Rules of Appellate Procedure. When all of the facts are viewed in the light most favorable to the plaintiffs, they do not demonstrate the level of culpability necessary to overcome defendants' entitlement to worker's compensation immunity. Therefore, we reverse.
Betty Jane Keffer worked at Emergency One as a final detailer cleaning firetrucks. There was evidence that she was expected to use a metal-banded detail brush and flammable lacquer thinner to clean places on the truck where her hand would not fit. One such place was the battery compartment, which held live 24-volt batteries bearing decals with the warnings, "explosive" and "no smoking." Nearby were drums of lacquer thinner marked "flammable." The record reflects evidence that the live charged batteries emitted flammable hydrogen gas. There had been prior instances where electrical arcs had extended from electrical sources to the metal-banded brushes, and management was aware of it. There was evidence that despite the request for plastic brushes, the supervisor, Marty Dowling, refused to obtain plastic brushes because of the additional expense. Mrs. Keffer was seriously injured in the process of detailing a battery case, when a metal band on her paint brush caused an electrical arc which ignited the lacquer thinner and resulted in severe burns to her body.
Mrs. Keffer and her husband, Ben Keffer, brought an action against Emergency One and Mr. Dowling. In their complaint alleging intentional tort, the plaintiffs alleged that the defendants knew or should have known to a virtual certainty that the batteries in the trucks emitted highly flammable hydrogen gas, the lacquer used on the brushes was highly flammable, the metal banded brushes would cause an arc from the live truck batteries that would set off a conflagration causing serious injury or death, and that safety instruction was withheld from the employees.
Appellants, defendants below, have appealed the Circuit Court's denial of their motion *1235 for summary judgment. They argue that the exclusivity of remedy provision of the Florida workers' compensation law bars Mrs. Keffer from suing her employer and supervisor in tort for the work-related injury. We agree.
On review of an order denying a motion for summary judgment, an appellate court must view every possible inference in favor of a party against whom summary judgment is sought. Moore v. Morris, 475 So.2d 666 (Fla. 1985).
Section 440.11(1), Florida Statutes (1993) limits liability on the part of employers and supervisors for work-related injuries to employees to workers' compensation entitlements. An employer who properly secures workers' compensation coverage for its employees is provided with immunity from suit by an employee "so long as the employer has not engaged in any intentional act designed to result in or that is substantially certain to result in injury or death to the employee." Eller v. Shova, 630 So.2d 537, 539 (Fla. 1993). A supervisor is immune from suit unless it can be shown that the supervisor's negligence amounts to culpable negligence. Culpable negligence has been defined as conduct including "a gross and flagrant character which evinces a reckless disregard for the safety of others," and constituting "an entire want of care which raises a presumption of indifference to consequences." Killingsworth v. State, 584 So.2d 647, 648 (Fla. 1st DCA 1991).
Recent decisions adhere to the strict interpretation of the workers' compensation immunity provision as set forth by the supreme court in Fisher v. Shenandoah General Construction Co., 498 So.2d 882, 883 (Fla. 1986). See, e.g., General Motors Acceptance Corp. v. David, 632 So.2d 123 (Fla. 1st DCA), review dismissed, 639 So.2d 976 (Fla. 1994); Timones v. Excel Industries of Florida, 631 So.2d 331 (Fla. 1st DCA 1994). That interpretation requires reversal in this case.
Appellees have urged that the facts in this case are analogous to the situations involved in Cunningham v. Anchor Hocking Corp., 558 So.2d 93 (Fla. 1st DCA), review denied, 574 So.2d 139 (Fla. 1990), and Connelly v. Arrow Air, Inc., 568 So.2d 448 (Fla. 3d DCA 1990), review denied, 581 So.2d 1307 (Fla. 1991). We disagree. In Cunningham, the trial court dismissed a complaint alleging an intentional tort. This court reversed. However, among other things, that complaint alleged that the employer had deliberately diverted a smoke stack so that dangerous fumes would flow into, rather than outside of, the place of employment; the employer periodically turned off the ventilation system; the employer removed manufacturer's warning labels on toxic substances; the employer misrepresented the toxic nature of the substances involved; the employer knowingly provided inadequate safety equipment; and the employer misrepresented the dangers involved. In Connelly, the appellate court reversed a summary judgment granted in favor of the defendant despite evidence of flagrantly deficient maintenance and use of an airplane, together with full knowledge that the aircraft was in disrepair and on the verge of a breakdown, and the intentional failure to notify the crew of a defect discovered on the flight immediately preceding the one in which the crash occurred. The facts in our case simply do not reach the level of culpability alleged in Cunningham, or set out in the evidence involved in Connelly. It is particularly significant that both of those cases share the common thread of a strong indication to deceive or cover up the danger involved, so that the employees had no way to apprise themselves of the dangers involved and thereby make a reasoned judgment as to their course of action. In contrast, while in this case there is evidence of a dangerous work environment, there was no competent evidence to support a view of intentional misrepresentation of the dangers involved. Similarly, although there was an allegation that safety precautions were withheld, there was no evidence of a concerted intentional effort to do so.
The order on appeal is reversed and the matter is remanded for further proceedings, *1236 to include the entry of summary judgment in favor of defendants.
LAWRENCE and BENTON, JJ., concur.