659 So.2d 1290 (1995)
MEKAMY OAKS, INC., Norman C. Hatfill and Ted Medlin, Appellants,
v.
Leon Joseph SNYDER, Appellee.
No. 94-2654.
District Court of Appeal of Florida, Fifth District.
September 1, 1995.
Jennifer C. Cates and Toby S. Monaco of Monaco, Monaco & Birder, Gainesville, for appellants.
Carl Carillo, P.A., Gainesville, for appellee.
PETERSON, Chief Judge.
The appellants challenge the trial court's denial of their motions for summary judgment in which they claimed they were immune to suit under worker's compensation law. Appellee, Leon Snyder, filed suit for personal injuries against his employer, Mekamy Oaks, Inc., his supervisor, Ted Medlin, and Norman C. Hatfill, Mekamy Oaks' corporate director, after the riding lawn mower he was operating flipped over and ejected him. We have jurisdiction[1] and reverse.
*1291 The facts are in dispute, but those most favorable to Snyder are the following. Snyder maintained the grounds of Mekamy Oaks and regularly used a riding mower in doing so. After the mower began losing power while Snyder was operating it, Medlin, Snyder's supervisor, was told by a repairman that the mower would have to be sent to the factory to be repaired. Medlin told Snyder that the problem was caused by a malfunctioning safety switch that was designed to kill the engine when the rider dismounted. Medlin then informed Snyder that he was going to resolve the problem by removing the safety switch and by "do[ing] away with the whole thing." Snyder remarked that someone could get hurt. He later saw Medlin working on the mower, and Snyder operated the mower without incident for a few days. Unfortunately, he later operated the mower on a sloped surface when the front end of the mower suddenly went down, and the back reared up; Snyder was thrown and the mower blade cut his foot.
The court erred in denying summary judgment in favor of Mekamy Oaks because there is no evidence it committed an intentional tort  which is the conduct requisite to removing an employer's worker's compensation immunity. Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882 (Fla. 1986); Lawton v. Alpine Engineered Products, 498 So.2d 879 (Fla. 1986). Although Mekamy Oaks' conduct, through the acts of Medlin or Hatfill, may have been negligent or even grossly negligent, there is no evidence to show that it engaged in conduct either designed to or substantially certain to result in injury or death, or that Mekamy Oaks committed an intentional tort. Fisher; Lawton; Emergency One, Inc. v. Keffer, 652 So.2d 1233 (Fla. 1st DCA 1995); Kline v. Rubio, 652 So.2d 964 (Fla. 3d DCA), rev. denied, 660 So.2d 714 (Fla. 1995) (table).
Similarly, the court erred in denying summary judgment in favor of Medlin and Hatfill because there is no evidence that the conduct of either Medlin or Hatfill[2] constituted the crime of culpable negligence or that their conduct would warrant punitive damages. § 440.11(1), Fla. Stat. (1989); Eller v. Shova, 630 So.2d 537 (Fla. 1993); compare Como Oil Co. v. O'Loughlin, 466 So.2d 1061 (Fla. 1985); White Constr. Co. v. Dupont, 455 So.2d 1026 (Fla. 1985).
Accordingly, we reverse the order denying summary judgment and remand for entry of judgment in favor of Mekamy Oaks, Medlin, and Hatfill.
REVERSED AND REMANDED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] District courts have jurisdiction to review a non-final order which determines that a party is not entitled to worker's compensation immunity as a matter of law. 9.130(a)(3)(C)(vi), Fla.R.App. P.; Mandico v. Taos Constr. Inc., 605 So.2d 850 (Fla. 1992); Kennedy v. Moree, 650 So.2d 1102 (Fla. 4th DCA 1995); Ross v. Baker, 632 So.2d 224 (Fla. 2d DCA 1994); General Motors Acceptance Corp. v. David, 632 So.2d 123 (Fla. 1st DCA), rev. dismissed, 639 So.2d 976 (Fla. 1994); see also Ramos v. Univision Holdings, Inc., 655 So.2d 89, 91 n. 2 (Fla. 1995).
[2] With respect to Hatfill, no evidence was presented refuting his assertion that he was unaware the mower had a safety switch and that it was allegedly removed or disabled.