681 So.2d 786 (1996)
GUSTAFSON'S DAIRY, INC., a Florida corporation, Appellant,
v.
Harry D. PHIEL and Beatrice Phiel, his wife, Appellees.
No. 95-3996.
District Court of Appeal of Florida, First District.
September 30, 1996.
*787 John Moffitt Howell of Coker, Myers, Schickel & Sorenson, P.A., Jacksonville, for Appellant.
Scott D. Sheftall and Richard C. Alvarez of Floyd, Pearson, Richman, Greer, Weil, Brumbaugh & Russomanno, P.A., Miami, for Appellees.
*788 VAN NORTWICK, Judge.
Gustafson's Dairy, Inc., appeals a non-final order denying its motion for summary judgment in an action by appellees Harry D. Phiel and Beatrice Phiel to recover damages for injuries suffered by Mr. Phiel in the course of his employment by Gustafson's. Gustafson's motion sought summary judgment on the grounds, inter alia, that the dairy was immune from suit under section 440.11(1), Florida Statutes (1989). Initially, we conclude that no disputed issues of material fact relating to the immunity issue remained in the instant case and that this nonfinal order determined that Gustafson's is not entitled to workers' compensation immunity as a matter of law. Accordingly, we have jurisdiction pursuant to Rule 9.130(a)(3)(c)(vi), Florida Rules of Appellate Procedure. Further, we conclude that, even if all factual inferences are resolved in favor of the Phiels, under the facts of this case, Gustafson's is entitled to workers' compensation immunity as a matter of law. Thus, we reverse and remand with directions to enter summary judgment in favor of Gustafson's. We also certify conflict with other district courts of appeal on the jurisdictional issue.

I.
Mr. Phiel had been working for Gustafson's Dairy for four days when in June 1989 he seriously injured his right hand. For the first three days of his employment, Phiel had painted the so-called "blow mold room," the room within the dairy operations in which plastic milk jugs are manufactured. When Phiel completed the painting, he was instructed to return to the blow mold room and cut up the milk jugs which had been rejected in the manufacturing process. While he was engaged in this task, a milk jug jammed in a trimmer machine. The other workers in the room were busy, and Phiel decided to un-jam the machine. He lifted the safety shield in front of the trimmer machine, as he had seen other employees do many times, and reached his hand into the machine to remove the jammed milk jug. His right hand was caught by the blades of the trimmer machine, causing severe injuries to the hand.
Initially, Phiel brought a products liability lawsuit against the manufacturer of the machinery, alleging that the trimmer device was unreasonably dangerous and defective in that it lacked guards, shields or an automatic shutoff switch, which would prevent the injuries which occurred in this case. During discovery, however, Phiel learned that the trimmer machines were originally equipped with the safety features, but that the safety features were inoperable at the time of Phiel's accident. At that point, the instant action was filed naming Gustafson's as a defendant.
The dairy filed a motion for summary judgment asserting in part that, as the employer of Phiel, Gustafson's was immune from liability under the provisions of Chapter 440. The trial court denied the motion without explanation. This appeal followed.

II.
Sua sponte, this court raised the issue of its jurisdiction to review the trial court's order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi). Upon consideration of the parties' responses and a review of the record, we conclude that this court has jurisdiction to consider this appeal.
Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi) provides that this court can review a non-final order of a lower tribunal which determines "that a party is not entitled to workers' compensation immunity as a matter of law." The trial court below simply denied Gustafson's motion for summary judgment without giving any indication whether it was determining entitlement to workers' compensation immunity as a matter of law. Thus, on the face of the order on appeal, the jurisdiction of this court to hear this appeal is unclear. Specifically, we were unable to conclude solely from the order itself whether the trial court found that summary judgment was not appropriate because unresolved factual issues remained or whether the trial court found that no issues of material fact existed and determined that Gustafson's was not entitled to immunity as a matter of law. See, Ross v. Baker, 632 So.2d 224, 225 (Fla. 2d DCA 1994) ("It seems somewhat unusual to treat an order denying a motion as an *789 order `determining' an issue.... [S]uch orders may merely establish that the trial court currently views the issue of immunity to involve unresolved factual questions as well as legal questions.")
Thus, we requested the parties to provide a supplemental record to enable this court to determine whether it possessed the jurisdiction to review the order on appeal. This supplemental record, including the motion for summary judgment, the memoranda of the parties filed in relation thereto, and the pretrial order of the trial court, indicates that, when the motion was heard, the discovery of the parties was completed and the facts pertinent to this suit were fully developed and ready for presentation at the approaching trial. Compare, ACT Corp. v. Devane, 672 So.2d 611 (Fla. 5th DCA 1996) (order denying motion for summary judgment which was entered "without prejudice" to party renewing its motion after discovery, was not an appealable order under Rule 9.130(a)(3)(C)(vi) because the trial court had not determined entitlement to workers' compensation immunity as a matter of law). Both parties assert that this court has jurisdiction under Rule 9.130(a)(3)(C)(vi) because the lower court determined the issue of workers' compensation immunity "as a matter of law."
The district courts of Florida are in conflict concerning whether Rule 9.130(a)(3)(C)(vi) grants district courts of appeal jurisdiction to review a non-final order denying a motion for summary judgment in which the trial court concluded that there were issues of material fact regarding the defendant's entitlement to workers' compensation immunity. Compare, Breakers Palm Beach, Inc. v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994), and City of Lake Mary v. Franklin, 668 So.2d 712 (Fla. 5th DCA 1996) (appellate jurisdiction exists to review an order denying motion for summary judgment raising workers' compensation immunity even though issues of fact remain), with Pizza Hut of America, Inc. v. Miller, 674 So.2d 178 (Fla. 2d DCA 1996), and Hastings v. Demming, 21 Fla. L. Weekly D1756, D1757, ___ So.2d ___, ___ (Fla. 2d DCA July 31, 1996) (the rule confers "jurisdiction to review only that type of nonfinal order in which a lower tribunal, based on undisputed material facts, has determined clearly and conclusively, beyond doubt, that a party is not entitled to workers' compensation immunity as a matter of law.").
We find ourselves in agreement with Judge Lazzara's thorough opinion in Hastings. As in Hastings, we conclude that Rule 9.130(a)(3)(C)(vi) is intended "to apply only when an appellate court is presented with a record with facts so manifest it can readily conclude that a plaintiff's exclusive remedy is in fact workers' compensation...." Id. Thus, if the trial court denies a motion for summary judgment because questions of material fact remained relating to the issue of workers' compensation immunity, then the rule does not confer jurisdiction to review such a non-final order. Further, if the appellate court
cannot discern from the record or the order under review that the facts presented to the trial court in connection with the motion[] for summary judgment were so fixed and definite that the court was in a position to determine clearly and conclusively, beyond doubt that [the employer was] not entitled to workers' compensation immunity as a matter of law,
id., then the non-final order does not meet the jurisdictional test under Rule 9.130(a)(3)(C)(vi) and is not reviewable on appeal.[1]
In the instant case, the order on its face does not provide a basis for our jurisdiction to review this non-final order. From our review of the instant record, however, we are able to conclude that no issue of material fact relating to the issue of workers' compensation immunity remained and that the trial court's order was the result of its legal conclusion, based upon the undisputed facts, that Gustafson's was not entitled to workers' compensation *790 immunity. We thus have jurisdiction under Rule 9.130(a)(3)(C)(vi). We certify conflict with Breakers Palm Beach, supra, and City of Lake Mary, supra.

III.
Turning to the merits of the instant case, even if all facts are interpreted most favorably to the Phiels, we conclude that the dairy is entitled to workers' compensation immunity as a matter of law. Under section 440.11, Florida Statutes (1993), an employer who properly secures workers' compensation coverage for its employees is provided with immunity from suit "so long as the employer has not engaged in any intentional act designed to result in or that is substantially certain to result in injury or death to the employee." Eller v. Shova, 630 So.2d 537, 539 (Fla.1993). The Florida Supreme Court has emphasized that in considering whether an employer's actions constitute an "intentional tort" a strict interpretation must be given the definition of intentional tort "because nearly every accident, injury and sickness occurring at the workplace results from someone intentionally engaging in some triggering action." Fisher v. Shenandoah Gen. Const. Co., 498 So.2d 882, 884 (Fla.1986). Here, if all facts and inferences are resolved in favor of the Phiels, it is clear that there is no evidence the dairy committed an intentional tort sufficient to allow the Phiels to avoid the provisions of section 440.11.
The Phiels argue that the facts here are analogous to the circumstances in Cunningham v. Anchor Hocking Corp., 558 So.2d 93 (Fla. 1st DCA), rev. denied, 574 So.2d 139 (Fla.1990), and Connelly v. Arrow Air, Inc., 568 So.2d 448 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 1307 (Fla.1991). We disagree. The facts in the instant case do not reach the level of culpability in Cunningham or Connelly. In particular, while there is evidence of danger in the work environment at the dairy, we do not find facts here, unlike Cunningham and Connelly, that would support a conclusion the employer intentionally deceived the employees with respect to any danger from the trimmer machinery or intentionally covered up any danger. See, Emergency One, Inc. v. Keffer, 652 So.2d 1233, 1235 (Fla. 1st DCA 1995); Timones v. Excel Industries of Florida, 631 So.2d 331, 333 (Fla. 1st DCA 1994). In summary, although the conduct of the dairy here may have been negligent, or even grossly negligent, no evidence demonstrates that the dairy either exhibited a deliberate intent to injure or engaged in conduct which was substantially certain to result in injury or death. See, Fisher v. Shenandoah Gen. Const. Co., 498 So.2d 882 (Fla.1986); Lawton v. Alpine Engineered Products, Inc., 498 So.2d 879 (Fla.1986); Mekamy Oaks, Inc. v. Snyder, 659 So.2d 1290 (Fla. 5th DCA 1995); Emergency One, supra; Kline v. Rubio, 652 So.2d 964 (Fla. 3d DCA), rev. denied, 660 So.2d 714 (Fla.1995).
REVERSED and REMANDED with directions to enter summary judgment in favor of Gustafson's Dairy.
BOOTH, J., concurs.
WOLF, J., specially concurs with written opinion.
WOLF, Judge, specially concurring.
While I concur in the result reached in the majority opinion as to the merits and jurisdictional dispositions, I respectfully disagree with the majority as to the appropriate test for determining jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(c)(vi).
In Mandico v. Taos Constr., Inc., 605 So.2d 850 (Fla.1992), the Florida Supreme Court held that orders denying summary judgment based on workers' compensation immunity were not reviewable by prohibition, but because the court was "sensitive to the concern for the early resolution of controlling issues," it amended Florida Rule of Appellate Procedure 9.130(a)(3)(c)(vi) to permit appellate review of nonfinal orders which determine "that a party is not entitled to workers' compensation immunity as a matter of law."
It appears that this rule can be interpreted in several ways, including the following:
1. A restrictive interpretation providing for review only when the order itself specifically states that there are no disputed facts and that the denial is based strictly on a determination that *791 appellant is not entitled to workers' compensation immunity as a matter of law. This would be similar to the approach taken by the Supreme Court of the United States in determining the appealability of denial of summary judgments based on qualified immunity. Johnson v. Jones [___ U.S. ___], 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995).[1]
2. The approach taken by the majority and the Second District Court of Appeal in Hastings v. Demming, 21 Fla. L. Weekly D1756 [682 So.2d 1107] (Fla. 2d DCA, July 31, 1996), allowing the appellate court to review the motion, the trial court's order, and the record to determine if there are material disputed facts. The appellate court, however, would only grant review where the court "can readily conclude that plaintiff's exclusive remedy is in fact workers' compensation." Hastings, supra at D1757 [at 1107].
3. The approach which appears to be taken by Judge Klein in Breakers of Palm Beach, Inc. v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994), that if a summary judgment is denied and the basis for the motion for summary judgment was that appellant was entitled to workers' compensation immunity as a matter of law, then that particular issue can be immediately raised on appeal pursuant to rule 9.130(a)(3)(c)(vi).
The more restrictive approach as demonstrated in Johnson, while limiting the number of appeals and thereby having some obvious attractiveness to appellate judges, conflicts with the stated purpose of Mandico, which is to obtain an early resolution of the immunity issue. I, therefore, feel that this approach should be rejected.
The problem with the approach adopted by the second district in Hastings, supra, and the majority in this case is that the appellate court is required to review the record and resolve issues concerning the merits of the case (the existence of disputed issues of material fact) in order to determine the court's jurisdiction. I believe that this approach is illogical and may lead to a plethora of motions to dismiss.
The approach adopted by the fourth district in Breakers, supra, is consistent with the intent of the supreme court in Mandico, supra, and provides necessary certainty to the appellate court's jurisdiction.
In many cases, the ultimate outcome under the Hastings and Breakers approaches may be the same depending upon how much leeway is given to the appellate court to review the record pursuant to Hastings.[2] There will be differences, however, where the appeal is dismissed after a review of the record as mandated by Hastings. Under these circumstances, the parties will be unable to treat the dismissal as a ruling on the applicability of the workers' compensation immunity issue. The courts, thus, may be faced with reviewing the record a second time on a full appeal after a final judgment has been entered, a result not intended by Mandico. I, therefore, would accept the Breakers' approach to the jurisdictional question.
NOTES
[1] Our opinion here is not in conflict with our prior opinion in General Motors Acceptance Corp. v. David, 632 So.2d 123 (Fla. 1st DCA), rev. dismissed, 639 So.2d 976 (Fla.1994). In David, as here, we found jurisdiction because we concluded that "the trial court erred in its interpretation of the law." Id. at 124.
[1] But see Behrens v. Pelletier, ___ U.S. ___, ___-___, 116 S.Ct. 834, 841-842, 133 L.Ed.2d 773 (1996), which determined that the appellate court could look beyond an order to see if denial of summary judgment as to an immunity issue was immediately appealable.
[2] For example, many of the same cases will result in reversal under both the Breakers and Hastings approaches, supra.