705 So.2d 26 (1997)
MARTIN ELECTRONICS, INC., a foreign corporation, Dave Chasteen, and Cathy Mink, Appellants,
v.
Gregory L. GLOMBOWSKI, as Personal Representative of the Estate of Gregory L. Glombowski, II, Deceased, on Behalf of the Estate and the Survivors, Appellee.
MARTIN ELECTRONICS, INC., a foreign corporation, Dave Chasteen, and Cathy Mink, Appellants,
v.
James M. PHILLIPS, Appellee.
Nos. 97-276, 97-278.
District Court of Appeal of Florida, First District.
August 26, 1997.
Rehearing Denied October 6, 1997.
*27 Brian S. Duffy, Austin B. Neal and Brian C. Keri of McConnaughhay, Roland, Maida & Cherr, P.A., Tallahassee, for appellants.
Thomas M. Ervin, Jr. of Ervin, Varn, Jacobs & Ervin, Tallahassee; James D. Clark, Cunningham Law Group, P.A., Tampa, for appellee Gregory L. Glombowski.
Thomas M. Ervin, Jr. of Ervin, Varn, Jacobs & Ervin, Tallahassee; and C. David Fonvielle of Fonvielle, Hinkle, Lewis & Garvin, Tallahassee, for appellee James M. Phillips.
EN BANC

GENERAL DIVISION
VAN NORTWICK, Judge.
These two consolidated cases present the same jurisdictional issue  whether the denial of a motion to dismiss based upon workers' compensation immunity is a non-final order appealable under rule 9.130(a)(3)(C)(vi), Florida Rules of Appellate Procedure.[1] In each case, the appellants appealed an order denying a motion to dismiss the complaint based on workers' compensation immunity. For the reasons discussed below, we dismiss these appeals for lack of jurisdiction based upon Hastings v. Demming, 694 So.2d 718 (Fla.1997).

I
The appellees, the Estate of Gregory L. Glombowski and James M. Phillips, plaintiffs below, each filed suit against appellants, Martin Electronics, Inc., and two Martin supervisors, seeking damages for injuries to Phillips and the death of Glombowski which resulted from a magnesium powder explosion and fire at Martin's facility in Taylor County, Florida. In their separate lengthy and detailed complaints, appellees allege that Glombowski and Phillips were employees of Martin, a company engaged "in the business of... manufacturing highly flammable, explosive and intensely heat-producing magnesium decoy flares which are utilized for military purposes." The complaints also allege that the use of magnesium powder in Martin's manufacturing process was "an ultra-hazardous activity ... if magnesium powder is inappropriately handled or mishandled" and, as a result, "it is certain that persons handling magnesium powder in the manufacturing process will suffer death or serious injury in the absence of training in the proper safety, handling and manufacturing techniques required for magnesium powder." Each appellee alleges in pertinent part that he was assigned to temporary duty involving the handling of magnesium powder; but that he was neither advised by appellants nor aware through his own knowledge of the extreme dangers and hazards of the work or the specialized training and safety procedures and protections required to work safely with the magnesium powder. Further, each appellee alleges that he
did not receive any training with respect to safety procedures and received no instruction regarding the proper handling of magnesium powder nor was he reasonably or adequately trained in the proper and appropriate operation of the manufacturing equipment which compressed or otherwise applied pressure to the magnesium powder *28 which was utilized in the manufacturing process that was performed....
The complaints each allege that appellants "were aware of the inabilities of [appellees] to properly operate the ... equipment they were required to operate." Notwithstanding such knowledge, "[w]ith full knowledge of the certainty of death or serious injury under the circumstances, [appellants] instructed [appellees] to continue their attempts at production by operation of the machines which compressed or otherwise applied pressure to the magnesium powder." Finally, the complaints allege that "[t]he ignition of the magnesium powder was certain to occur under the circumstances set forth in this Complaint ... and the resulting fire was certain to cause death or serious injury to those within [the Martin building]." During the manufacturing process, the magnesium powder with which the appellees were working was ignited causing an explosion and fire which resulted in the death of Glombowski and serious injury to Phillips.
Martin filed motions to dismiss the appellees' complaints, asserting that it was immune from these suits pursuant to the provisions of section 440.ll(l), Florida Statutes,[2] because the appellees' injuries and death occurred on the job. The trial court, as required, assumed all allegations of material facts in the complaints were true, Clark v. Gumby's Pizza Systems, Inc., 674 So.2d 902, 904 (Fla. 1st DCA 1996), and denied the motions to dismiss. In its order, the trial court explained:
The issue of the appropriateness of the application of Worker's Compensation immunity requires a judicial determination dependent upon an analysis of facts. This Court determines that an analysis of the facts stated in the Complaint and construed most favorably to the Plaintiff requires a denial of the Motions to Dismiss. This determination does not mean that this Court may not ultimately be presented with sufficient facts to determine this issue as a matter of law. However, such determination is premature at this juncture.... Additionally, this Court notes specifically that the Plaintiff alleges in the Complaint... certain conduct, which if such conduct occurs, is substantially certain to result in death or serious injuries; thereafter, in... the Complaint, specific facts are alleged stating that the Defendants engaged in such conduct.... The Complaint also contains factual allegations which when taken as true as they must be at this juncture, and which when viewed in a light most favorable to the Plaintiff as they must be at this juncture, allows a factual determination that the Defendants withheld information from employees Glombowski and Phillips which precluded these employees from exercising informed judgment whether to perform the assigned tasks or not. (Citations omitted).
These appeals ensued. Sua sponte, this court raised the issue of its jurisdiction to review the trial court's orders under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi).

II
The right to appeal a non-final order that determines a party is not entitled to workers' compensation immunity first arose in Mandico v. Taos Const., Inc., 605 So.2d 850 (Fla. 1992). In Mandico, the supreme court held that such orders were not subject to review by petition for writ of prohibition, but were appealable as non-final orders. The court adopted a new rule of appellate procedure, rule 9.130(a)(3)(C)(vi), which provided that *29 the parties could appeal a non-final order that determined "that a party is not entitled to workers' compensation immunity as a matter of law."
This rule was given differing interpretations by the district courts of appeal. Certain district courts interpreted the rule broadly and generally allowed appeals from orders which denied motions based on a claim of workers' compensation immunity. See Breakers Palm Beach, Inc. v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994); City of Lake Mary v. Franklin, 668 So.2d 712 (Fla. 5th DCA 1996). Other district courts, including this court, adopted a more narrow interpretation of the language and restricted the scope of appeals under the rule to cases in which the district court could conclude from the order on appeal or the record that the trial court clearly and conclusively determined that the employer was not entitled to workers' compensation immunity as a matter of law. See Gustafson's Dairy, Inc. v. Phiel, 681 So.2d 786 (Fla. 1st DCA 1996); Hastings v. Demming, 682 So.2d 1107 (Fla. 2d DCA 1996)(Hastings I); and Pizza Hut of America, Inc. v. Miller, 674 So.2d 178 (Fla. 2d DCA 1996), rev. granted, 683 So.2d 484 (Fla. 1996).
Generally, these cases involved appeals of orders which denied motions for summary judgment. However, the second district in Hastings I also discussed, in dicta, orders denying motions to dismiss. The Hastings I court concluded that, under the broader interpretation of the rule adopted by Gloger and Franklin, orders denying motions to dismiss, which necessarily are rulings made as a matter of law, would be appealable. The court noted, however, that it did not believe that was an intended result of rule 9.130(a)(3)(C)(vi). Hastings I, 682 So.2d at 1114.
The district court in Hastings I, recognizing the split among the districts, certified conflict with Gloger and Franklin and also certified the following question to the Florida Supreme Court:
DOES AN APPELLATE COURT HAVE JURISDICTION UNDER FLORIDA RULE OF APPELLATE PROCEDURE 9.130(a)(3)(C)(vi) TO REVIEW A NONFINAL ORDER DENYING A MOTION FOR SUMMARY JUDGMENT ASSERTING WORKERS' COMPENSATION IMMUNITY WHEN THE ORDER DOES NOT CONCLUSIVELY AND FINALLY DETERMINE A PARTIES' NONENTITLEMENT TO SUCH IMMUNITY, AS A MATTER OF LAW, BECAUSE OF THE EXISTENCE OF DISPUTED MATERIAL FACTS, SO THAT THE EFFECT OF THE ORDER IS TO LEAVE FOR A JURY'S DETERMINATION THE ISSUE OF WHETHER THE PLAINTIFF'S EXCLUSIVE REMEDY IS WORKERS' COMPENSATION BENEFITS?
Hastings I, 682 So.2d at 1116.
The supreme court accepted jurisdiction and approved the decision in Hastings I. Hastings v. Demming, 694 So.2d 718 (Hastings II). The court also specifically disapproved Gloger and Franklin. Id. In part, Hastings II was based upon an amendment to the Rules of Appellate Procedure which took effect January 1, 1997. Amended rule 9.130(a)(3)(C)(vi) now reads that such an order is appealable if the order determines "that, as a matter of law, a party is not entitled to workers' compensation immunity."
Although the court in Hastings II approved Hastings I, the court's holding in Hastings II limited the district courts' jurisdiction to review non-final orders relating to workers' compensation immunity even more narrowly than Hastings I or this court's opinion in Gustafson's Dairy. Significantly, the supreme court held, in pertinent part, that:
Nonfinal orders denying summary judgment on a claim of workers' compensation immunity are not appealable unless the trial court order specifically states that, as a matter of law, such a defense is not available to a party. In those limited cases, the party is precluded from having a jury decide whether a plaintiff's remedy is limited to workers' compensation benefits and, therefore, an appeal is proper.
Hastings II, 694 So.2d at 720 (emphasis added). Thus, under Hastings II an order denying a motion for summary judgment based *30 on workers' compensation immunity is not appealable under rule 9.130(a)(3)(C)(vi) unless on the face of the order the trial court expressly determines that "as a matter of law, such a defense is not available." Id. Although we share some of the concerns expressed in Judge Wolf's concurring opinion, we read this language in Hastings II as clearly precluding a district court from reviewing the record in making a jurisdictional determination under this rule, a practice that was expressly approved in Hastings I, 682 So.2d at 1109, and Gustafson's Dairy, 681 So.2d at 789-90. To that extent, Hastings II also overrules Gustafson's Dairy.

III
As we view the supreme court's opinion in Hastings II, if an order simply denying a motion for summary judgment cannot be a determination that a party is not entitled to workers' compensation immunity, then certainly an order which denies a motion to dismiss does not constitute such a determination. Clearly, the orders on appeal in these cases do not contain the specific language which is required by Hastings II. In fact, the trial court below carefully explained that, in denying the appellants' motions to dismiss, it was making no definitive determination of the issue of workers' compensation immunity. Thus, the orders before us are not appealable orders under rule 9.130(a)(3)(C)(vi).
Accordingly, we conclude that this court has no jurisdiction over these appeals. The appeals are hereby dismissed.
JOANOS and BOOTH, JJ., concur.
WOLF, J., specially concurs with written opinion in which BOOTH, J., concurs.
WOLF, Judge, specially concurring.
We are bound to follow the dictates of the supreme court. See Hoffman v. Jones, 280 So.2d 431 (Fla.1973). I am unclear, however, as to what the dictates are, what was the rationale for the court's decision of Hastings v. Demming, 694 So.2d 718 (Fla.1997) (Hastings II), and to what extent the Hastings II decision is applicable to cases involving review of orders denying motions to dismiss. In Hastings II, the supreme court addressed the appealability of orders denying summary judgment on a claim of workers' compensation immunity. The court stated that the decision of whether review was appropriate was to be based solely on a review of the order to determine if it contains the magic words contained in Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi). The pertinent language from Hastings II states,
Nonfinal orders denying summary judgment on a claim of workers' compensation immunity are not appealable unless the trial court order specifically states that, as a matter of law, such a defense is not available to a party.
Id. at 720. The supreme court purportedly approved the decision of the district court in Hastings v. Demming, 682 So.2d 1107 (Fla. 2d DCA 1996) (Hastings I).
In Hastings I, however, the second district stated that in determining appealability, one not only looks at the order in question, but must also review the record to determine if the "appellate court is presented with a record with facts so manifest it can readily conclude that a plaintiff's exclusive remedy is in fact workers' compensation." Hastings I, supra at 1109; see also Gustafson's Dairy, Inc. v. Phiel, 681 So.2d 786, 789 (Fla. 1st DCA 1996). The position taken in these two cases appears to conflict with the position announced by the supreme court in Hastings II. A review of the answer to the certified question in Hastings II leads one to conclude as the majority does that the supreme court intended to adopt a bright line rule: An order is not appealable unless it specifically states that, as a matter of law, the defense of workers' compensation is not available to a party. It thus appears that the supreme court adopted the decision in Hastings I, but did not adopt the analysis contained therein.[3]
*31 In Hastings II, the announced decision of the supreme court constitutes the most restrictive approach concerning appealability of orders dealing with workers' compensation immunity. See Gustafson's Dairy, supra, (Wolf, J. concurring). As a practical matter, orders denying motions to dismiss or motions for summary judgments will often be drafted by a plaintiff's attorney or by a trial judge who may be gun-shy of an appeal. We can expect that such orders will simply deny the motion without explanation or be drafted to be ambiguous. Thus, many parties entitled to immunity may be forced to go to trial. See, e.g., Gustafson's Dairy, supra; Fleming Companies v. Moreira, 690 So.2d 1367 (Fla. 3d DCA 1997). This result seems inconsistent with the original purpose for the rule enunciated in Mandico v. Taos Constr., Inc., 605 So.2d 850 (Fla.1992):
We suspect that one reason the court was willing to permit prohibition in [Winn-Lovett Tampa v.] Murphree [73 So.2d 287 (Fla.1954)] was to avoid the necessity of requiring the trial to proceed to its conclusion when it was evident from a construction of the relevant statutes that the plaintiff's exclusive remedy was to obtain workers' compensation benefits. Because we are sensitive to the concern for an early resolution of controlling issues, we amend Florida Rule of Appellate Procedure 9.130(a)(3) to read as follows:....
(C) determine:....
(vi) that a party is not entitled to workers' compensation immunity as a matter of law.
Id. at 854-855.
In adopting the bright line rule in Hastings II, the supreme court relied on an amendment to rule 9.130(a)(3)(C)(vi). Nowhere in Hastings II or in the opinion adopting the amendment to the appellate rule did the supreme court mention the Mandico case. See Hastings II; Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 796-799 (Fla.1996). The court also does not discuss the conflicting policy issues of providing early appellate review in matters where a party is claiming immunity from suit versus the judicial economy of limiting the right to interlocutory appellate review. Nor does the court discuss whether the same limitations will be applicable to appeals from orders based on immunity from federal civil rights suits pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(viii) (similar language to rule at issue in this case).
In dealing with the issue of orders denying summary judgments on the basis of qualified immunity in civil rights actions, the Supreme Court of the United States has recognized the importance of deciding issues of immunity in a timely manner. See Behrens v. Pelletier, 516 U.S. 299, 311-312, 116 S.Ct. 834, 841-842, 133 L.Ed.2d 773 (1996). In Behrens, the Supreme Court stated that a review of the record was sometimes necessary and evidently retreated from the perceived position taken in Johnson v. Jones, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), that appealability was determined only by looking at the order. See Behrens, 516 U.S. at 312, 116 S.Ct. at 842. While Florida is not bound to adopt the federal position as to appealability in civil rights or workers' compensation immunity cases, see Johnson v. Fankell, ___ U.S. ___, ___, 117 S.Ct. 1800, 1803, 138 L.Ed.2d 108 (1997), our courts have also recognized the importance of providing review for immunity issues at each stage of the proceeding. See Junior v. Reed, 693 So.2d 586, 588-589 (Fla. 1st DCA 1997). It is also not clear how the reasoning of Hastings II will apply to the appealability of orders denying motions to dismiss based on workers' compensation immunity. In these cases, there can be no disputed facts. The decision concerning the motion must assume that all the facts in the complaint are taken as true and all inferences are drawn in favor of the plaintiff. Jones v. Kirkland, 696 So.2d 1249 (Fla. 4th DCA 1997). Thus, the denial of the motion cannot be based on disputed facts, but must constitute a legal ruling on a given *32 set of facts. Under these circumstances, it is unclear to me whether the order denying the motion to dismiss would have to contain the magic words of Hastings II in order to be appealable.
While I favor broad appealability of summary judgment orders on the question of immunity, see Gustafson's Dairy, supra (Wolf, J., specially concurring), as well as on motions to dismiss, the approach outlined in Hastings I and Gustafson's Dairy as to summary judgment, and in Junior v. Reed, supra, as to motions to dismiss, although not perfect, appears to be preferable to the one adopted by the supreme court in Hastings II. I would invite the supreme court to revisit the issue and to clarify the applicability of Hastings II as to orders denying motions to dismiss.
NOTES
[1] Rule 9.130(a)(3)(c)(vi) provides that:

[r]eview of non-final orders of lower tribunals is limited to those that ... determine ... that, as a matter of law, a party is not entitled to workers' compensation immunity ...
[2] Section 440.11(1), Florida Statutes (1995) provides in pertinent part:

The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to ... the employee ... and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee ... may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death.... The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter....
[3] The bright line interpretation is further supported by the supreme court's decisions in H.C. Hodges Cash & Carry, Inc. v. Walton Dodge Chrysler-Plymouth Jeep & Eagle, 696 So.2d 762 (Fla.1997), and Pizza Hut of America, Inc. v. Miller, 696 So.2d 340 (Fla.1997). In H.C. Hodges, the supreme court specifically ruled that the district court's determination of appealability based on their review of the record which conclusively demonstrated that there were no issues of material fact was in conflict with Hastings II. See also Rinker Materials Corp. v. Holmes, 697 So.2d 558 (Fla. 4th DCA 1997).