891 So.2d 555 (2004)
THE BOMBAY COMPANY, INC., Appellant,
v.
Martin BAKERMAN, Appellee.
The Insurance Company of the State of Pennsylvania, Appellant/Intervenor,
v.
Martin Bakerman and the Bombay Company, Inc., Appellee.
Nos. 3D03-1465, 3D03-1532.
District Court of Appeal of Florida, Third District.
October 13, 2004.
Rehearing and Rehearing Denied February 2, 2005.
Carlton Fields and Robert E. Biasotti and Annette M. Lang, St. Petersburg, for appellant The Bombay Company, Inc.
Marlow, Connell, Valerius, Abrams, Adler, Newman & Lewis and Rosemary B. Wilder, Miami, for intervenor The Insurance Company of the State of Pennsylvania.
Robert N. Pelier, Coral Gables, for appellee Martin Bakerman.
*556 Before SCHWARTZ, C.J., and COPE and SHEVIN, JJ.
Rehearing and Rehearing En Banc Denied February 2, 2005.

On Rehearing Granted
COPE, J.
On consideration of the appellants' motion for rehearing the court withdraws its previous opinion and substitutes the following opinion.
The Bombay Company, Inc. appeals a jury verdict in favor of its former employee, Martin Bakerman. Bombay maintains that the evidence was legally insufficient to overcome its workers compensation immunity. We conclude that the point is well taken and accordingly reverse the judgment.

I.
Bakerman was the assistant manager of the Bombay store in the Dadeland Mall in Miami-Dade County. Merchandise was kept in a storeroom which had shelving approximately twenty-two feet high. Bombay supplied a wooden ladder which employees were to climb in order to retrieve merchandise stored on the shelves.
Bakerman and the store manager had complained to the area supervisor that the ladder was too short and dangerous. To reach merchandise on the upper shelves, it was necessary to stand on the top step of the ladder. The ladder was in bad condition and swayed from side to side when someone climbed it. The only way to stop the swaying was to hold on to the shelves with one hand while retrieving merchandise with the other hand.
Despite the store managers repeated complaints and requests to buy a new ladder, the area supervisor did not authorize the expenditure of funds to replace it. While at the top of the ladder retrieving merchandise, Bakerman used both hands to remove a piece of merchandise from a shelf. The ladder fell. Bakerman fractured his heel.
Bakerman sued Bombay alleging that Bombay was liable for his injury under the intentional tort exception to the worker's compensation act. Bakerman contended that Bombay was guilty of an intentional tort in its repeated refusal to replace the defective ladder.
At trial, the court denied Bombays motion for directed verdict on the issue of workers compensation immunity. On an interrogatory verdict form, the jury found that Bombay had engaged in conduct substantially certain to result in injury or death. The jury also found Bakerman thirty-three percent comparatively negligent.
The trial court denied Bombays post-trial motion to set aside the verdict and enter judgment in accordance with its motion for directed verdict. The court stated, in part:
[I]ts also very clear that the company knew about the condition of the ladder and knowing that, intentionally told this person to use the ladder. So to me the jury question was, was there substantial certainty that someone would be injured and thats what the jury decided. . . .
TR. 605.
Bombay has appealed.

II.
The case now before us involves an exception to worker's compensation immunity. Although the trial court did not have the benefit of it at the time of the proceedings below, the Florida Supreme Court has recently held that exceptions to worker's compensation immunity are to be narrowly construed. The court said that the workers' compensation statute
was meant to systematically resolve nearly every workplace injury case on *557 behalf of both the employee and the employer.
A contrary holding giving wide breadth to the rare exceptions to workers' compensation immunity would merely erode the purpose and function of the Workers' Compensation Law as established by the Legislature.
Taylor v. School Board of Brevard County, 888 So.2d 1 (Fla. 2004) (construing "unrelated works" exception to worker's compensation immunity). Thus, the exception now before us must be narrowly construed.

III.
Bakerman brought this suit under the intentional tort exception to the workers compensation immunity. See Turner v. PCR, Inc., 754 So.2d 683, 686 (Fla.2000). This intentional tort exception is recognized in Florida and other states. See id. at 686-87.[*]
The Turner decision summarized and modified the case-law intentional tort exception. Under that exception, the employer must be shown to have either exhibite[d] a deliberate intent to injure or engage[d] in conduct which is substantially certain to result in injury or death. Id. at 687 (emphasis in original; citation omitted).
In the present case the trial court ruled that there was no evidence of any deliberate intent to injure. Thus, the first alternative under Turner was unavailable to Bakerman.
Under the second Turner alternative, however, the court concluded that the evidence presented a jury question on whether the employer had engaged in conduct which was substantially certain to result in injury or death. A showing of "`substantial certainty' requires a showing greater than `gross negligence []'. . . ." Turner, 754 So.2d at 687 n. 4.
Of particular interest here, the Turner decision also points out that the cases finding liability under the intentional tort exception contain "a common thread of evidence that the employer tried to cover up the danger, affording the employees no means to make a reasonable decision as to their actions." 754 So.2d at 691 (citing Connelly v. Arrow Air, Inc., 568 So.2d 448 (Fla. 3d DCA 1990), and Cunningham v. Anchor Hocking Corp., 558 So.2d 93 (Fla. 1st DCA 1990), and Emergency One, Inc. v. Keffer, 652 So.2d 1233 (Fla. 1st DCA 1995)).
That element is missing here. Here, as in Emergency One, the dangerous condition was evident to the employee and there was no concealment of the danger. For that reason we conclude that the evidence was legally insufficient to support liability under the intentional tort exception to worker's compensation immunity. Accordingly we reverse the judgment and remand for entry of judgment in favor of Bombay. This ruling is likewise dispositive of the consolidated appeal of the Insurance Company of the State of Pennsylvania, which is the liability insurer for Bombay.
Reversed and remanded for entry of judgment in favor of Bombay.
NOTES
[*] The exception was initially recognized in Florida through case law. See id.

Effective October 1, 2003, the intentional tort exception is governed by an express statutory provision. See 440.11(1)(b), Fla. Stat. (2003); ch.2003-412, 14, Laws of Fla. Because the incident in this case occurred in 1997, the 1997 version of the statute governs here and the 2003 amendment has no application.