# Third District Court of Appeal

## State of Florida

Opinion filed November 30, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2901
Lower Tribunal No. 15-16231
_____

## Citizens Property Insurance Corp.,
Appellant,

vs.

## Rafaela Sosa,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Methe & Rockenbach and Kara Berard Rockenbach, Lauren J. Smith, and Kristi Bergemann Rothell (West Palm Beach), for appellant.

Perry & Neblett and David Avellar Neblett and John A. Wynn, for appellee.

Before SUAREZ, C.J., and LAGOA and SALTER, JJ.

ON MOTION TO DISMISS

LAGOA, J.

Appellee, Rafaela Sosa ("Sosa"), moves to dismiss the appeal of a non-final

order denying Citizens Property Insurance Corporation's ("Citizens") motion to

strike certain bad faith allegations and dismiss and/or strike Count II and Count III of Sosa's complaint. The trial court's order abates Count II and Count III of Sosa's complaint until coverage or extent of liability are determined. Because the order appealed is a non-final, non-appealable order, we grant the motion to dismiss for lack of jurisdiction.

The order on appeal denies Citizens' motion to dismiss and abates consideration of Counts II and III of Sosa's complaint until a determination of coverage is made. It is well-established that "[a]n order abating or staying an action pending disposition of another action is not a reviewable non-final order." Pecora v. Signature Gardens, Ltd., 25 So. 3d 599, 599 (Fla. 4th DCA 2009). See also Hedin v. Indian River Cty., 610 So. 2d 715 (Fla. 4th DCA 1992).

Citizens nonetheless argues that the order is appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(xi), which provides for appeal of non-final orders that determine "that, as a matter of law, a party is not entitled to sovereign immunity." Citizens' assertion, characterizing the trial court's order as one determining that it is not entitled to sovereign immunity as a matter of law, however, is not supported by the record. Significantly, the order on appeal does not state that the motion to dismiss is denied on the basis that Citizens lacks sovereign immunity. Instead, the order merely states that Counts II and III of Sosa's complaint are abated "until coverage or extent of liability are determined." Furthermore, a review of the transcript of the hearing on the motion to dismiss also

2

shows that the trial court did not reach or rule on the issue of sovereign immunity. Cf. Amcon Builders, Inc. v. Pardo, 120 So. 3d 1254, 1255 (Fla. 3d DCA 2013) (finding order denying summary judgment on a claim of workers' compensation immunity not appealable "'unless the trial court order specifically states that, as a matter of law, such a defense is not available to a party'" (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 821-22 (Fla. 2004))). Here, the trial court's order fails to state that, as a matter of law, sovereign immunity is not available to Citizens. As such, the trial court's order is not appealable pursuant to Rule 9.130(a)(3)(C)(xi).

Because the order denying Citizens' motion to dismiss is not reviewable under Florida Rule of Appellate Procedure 9.130 as a non-final order, we grant Sosa's motion to dismiss the appeal for lack of jurisdiction.

Dismissed.