# Third District Court of Appeal

## State of Florida

Opinion filed December 9, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1229
Lower Tribunal No. 15-21793
_____

**The City of Sweetwater,**
Appellant,

vs.

**Richard Pichardo,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., and Michael R. Piper (Fort Lauderdale), for appellant.

Mesa Litigation & Legal Consulting, P.A., and Carlos A. Mesa, for appellee.

Before EMAS, C.J., and SCALES and LOBREE, JJ.

SCALES, J.

The City of Sweetwater (the "City") appeals a non-final order that denied its motion to dismiss the appellee Richard Pichardo's third amended complaint. Because a recent amendment to Florida Rule of Appellate Procedure 9.130(a)(3), relating to the appealability of non-final orders in the sovereign immunity context, directs our jurisdictional inquiry to the assertions in the unsuccessful motion – rather than to the order that adjudicates the motion – we are compelled to dismiss the City's appeal for lack of jurisdiction.

**I. Background**

The City hired appellee Pichardo as a police officer. After he started employment, the City's Mayor allegedly told Pichardo that he had been promoted to Lieutenant. About fifteen months later, the police chief sought to terminate Pichardo. Pichardo asked for the opportunity to resign instead. He was allowed to resign. After he left the City's employ, Pichardo reviewed his personnel file. He alleges that only then did he learn he had not been promoted to Lieutenant. Instead, his file revealed he was a full-time police officer with the rank of acting Lieutenant.

In 2015, Pichardo filed a complaint for negligent misrepresentation in the circuit court, alleging that, but for the Mayor's misinformation, Pichardo would not have resigned; instead, he would have taken advantage of a police officer's procedural protections under the City's collective bargaining agreement and Florida statutes as to his termination. These protections, allegedly, were not available to one

with the rank of Lieutenant, but were available to one with the rank of acting Lieutenant.

The operative complaint is the third amended complaint. On June 3, 2020, the City moved to dismiss it on the ground that the City owed no tort duty to Pichardo. The motion came before the trial court for hearing on July 29, 2020, and on the same day, the trial court entered the challenged order denying the City's motion. While the City's motion did not assert entitlement to sovereign immunity, the trial court's otherwise unelaborated order denying the City's motion included the following sentence: "Defendant is not entitled to sovereign immunity as a matter of law."

**II. Analysis**

While neither party challenged our jurisdiction to review the appealed non-final order, we have an independent duty to ensure we have jurisdiction. Bloomgarden v. Mandel, 154 So. 3d 451, 453 (Fla. 3d DCA 2014). Had this appeal been filed prior to the Florida Supreme Court's January 23, 2020 amendment to rule 9.130(a)(3), we likely would have had the jurisdiction to reach the merits of the dispute.[1] Indeed, case law from this Court interpreting the prior rule focused our jurisdictional inquiry on the four corners of challenged order. See Citizens Prop. Ins.

---

[1] The prior rule read as follows: "Appeals to the district courts of appeal of nonfinal orders are limited to those that . . . determine . . . that, as a matter of law, a party is not entitled to sovereign immunity." Fla. R. App. P. 9.130(a)(3)(C)(xi) (2019).

Corp. v. Calonge, 246 So. 3d 447, 449 (Fla. 3d DCA 2018) ("[I]n making our jurisdictional determination, we look only to the face of the trial court's order and we do not penetrate the record with a searchlight to divine whether the trial court's undisclosed rationale warrants appellate review."); see also Florida Highway Patrol v. Jackson, 288 So. 3d 1179, 1182-83 (Fla. 2020) (concluding that, under the former version of the rule, when determining whether it has jurisdiction to review a non-final order denying entitlement to sovereign immunity, a district court's inquiry is limited to the face of the order, without regard to the underlying record).

In Jackson, though, after the Florida Supreme Court determined that the prior version of the rule limited the appellate court's jurisdictional inquiry to the face of the order, the Florida Supreme Court announced that it was issuing an opinion amending rule 9.130(a)(3), in order "to expand the availability of appellate review of nonfinal orders denying sovereign immunity." Jackson, 288 So. 3d at 1186. Thus, the Florida Supreme Court contemporaneously issued In re: Amendments to Florida Rule of Appellate Procedure 9.310, 289 So. 3d 866 (Fla. 2020). The amended rule 9.130(a)(3) now reads as follows: "Appeals to the district courts of appeal of nonfinal orders are limited to those that . . . deny a *motion* that . . . *asserts* entitlement to sovereign immunity." Fla. R. App. P. 9.130(a)(3)(F)(iii) (emphasis added). Hence, based on the plain and unambiguous language of the amended rule, our

jurisdictional inquiry now focuses not on the challenged order, but rather on the motion that the order adjudicates.

In this case, the City's motion to dismiss makes no reference to sovereign immunity. Instead, the City's motion argues that it owed no legal duty to Pichardo. While the non-existence of a legal duty may, in certain cases, be related to whether a municipality enjoys sovereign immunity from a particular claim, the two concepts are distinct. See City of Dunedin v. Pirate's Treasure Cove, Inc., 255 So. 3d 902, 904 (Fla. 2d DCA 2018).

We acknowledge that, under the distinctive facts and circumstances presented in this case, our application of the amended rule does not expand our appellate review, as contemplated by the amendment. The text of the amended rule, however, is plain and unambiguous: it limits our appellate review to only those non-final orders that adjudicate motions asserting entitlement to sovereign immunity. We disagree with the City's argument – made in response to our show cause order – that the term "sovereign immunity" represents mere "buzzwords" and that sovereign immunity need not be argued in the motion for the resulting order to be reviewable. We strictly construe rule 9.130 so not to expand the range of interlocutory orders subject to review. See Travelers Ins. Co. v. Bruns, 443 So. 2d 959, 961 (Fla. 1984) ("The thrust of rule 9.130 is to restrict the number of appealable nonfinal orders."). Rule 9.130(a)(3)(F)(iii) limits our jurisdiction to a review of only those non-final

5

orders that deny motions that assert entitlement to sovereign immunity. The City's motion did not assert it was entitled to sovereign immunity. We therefore are compelled to dismiss the appeal for lack of jurisdiction.[2]

Appeal dismissed.

---

[2] Because the City's motion to dismiss neither asserts nor argues entitlement to sovereign immunity, and because we have no transcript of the July 29, 2020 hearing at which the motion was argued and thus no ability to discern either the City's arguments or the trial court's reasoning, the City essentially is asking us to determine, in the first instance, whether the City is entitled to sovereign immunity for Pichardo's claims. We decline the City's invitation to do so.